JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Sharay Ford, brings this appeal challenging her conviction for assault on a police officer. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On April 24, 2007, the Cuyahoga County Grand Jury indicted appellant on two counts of assault on a police officer, in violation of R.C. 2903.13. A jury convicted her on both counts, and appellant was sentenced to six months in prison. Appellant filed this timely appeal.
 {¶ 3} On April 13, 2007, appellant and co-defendant, Emanuel Hill, were arrested by the police after a confrontation that occurred on Cleveland's near east side. A jury trial commenced on November 1, 2007. Two police officers, Officer Franko and Officer Jackson, and appellant testified at trial; co-defendant Hill did not testify.
 {¶ 4} Both police officers testified that they witnessed appellant and Hill standing near one another on the sidewalk, involved in what appeared to be an argument. The police stopped their car only after appellant flagged them down. Both officers testified that appellant was holding a champagne bottle in her hand, was very upset, and was claiming Hill was following her and touching her. The officers both heard Hill exclaim that appellant had hit him in the head with the champagne bottle she was holding. While the officers tried to ascertain what had occurred between appellant and Hill, Hill struck one of the officers and ran away. *Page 4 
 {¶ 5} Officer Jackson testified that he caught up with Hill a block away and, while he attempted to handcuff Hill, appellant appeared out of nowhere and began assaulting him. Officer Franko arrived and attempted to put Hill in handcuffs. Officer Jackson testified that he tried to subdue appellant, and she pushed him away. He further testified that, while restraining her, appellant kicked Officer Franko in the neck and back.
 {¶ 6} At the close of the state's case, both defendants made Crim. R. 29 motions, which were denied.
 {¶ 7} In appellant's case, she testified that she had not flagged down the police and that she was not crying. She testified that she had threatened to hit Hill with the bottle, but she had not actually hit him. Appellant testified that she witnessed Hill run from the officers and that she followed. She also testified that Officer Jackson "patted her down" by reaching under her shirt and bra and shook her clothing. She further testified that the officer called her names and threatened that she would "never see the light of day again." She claimed that she inadvertently kicked Officer Franko when Officer Jackson maneuvered her to the ground to handcuff her.
 {¶ 8} On November 5, 2007, the jury returned verdicts of guilty on both counts against appellant for assault on a police officer. On November 28, 2007, the court sentenced appellant to six months in prison. *Page 5 
 Review and Analysis {¶ 9} Appellant raises two assignments of error for our review, one asserting a Batson challenge and the other asserting a claim of ineffective assistance of counsel.
 Batson Challenge {¶ 10} "I. Sharay Ford was deprived of her constitutional rights to equal protection under the law and a trial by jury of her peers when the state removed the only black female juror from the venire panel."
 {¶ 11} In her first assignment of error, appellant argues that the court erred by failing to entertain her Batson challenge of the state's removal of the only female African-American juror. We disagree.
 {¶ 12} In Batson v. Kentucky (1986), 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69, the United States Supreme Court created a test to determine when a peremptory challenge was impermissibly based on race. When defense counsel objects to the dismissal of a juror based on race ("aBatson challenge"), a prima facie case of purposeful discrimination must first be established. To make a prima facie case, defendant must show that he and the potential juror are members of a "cognizable racial group." Counsel must also show that the facts and circumstances raise an inference that the prosecutor used the challenges to exclude jurors because of their race. If the judge determines that a prima facie *Page 6 
case has been made, the state must provide a race-neutral reason for dismissing the jurors. Finally, the judge must then determine if the defendant established purposeful discrimination. Id. at 96-98.
 {¶ 13} The trial court is in a "better position to evaluate the credibility questions * * * in case of juror strikes." The appellate court cannot reverse unless it finds that "the court acted in a clearly erroneous manner." State v. Brown, Cuyahoga App. No. 84059,2004-Ohio-6862.
 {¶ 14} Appellant is African-American. During voir dire of alternate jurors, a female, African-American, prospective juror indicated that she was somewhat concerned that the case might run over to the following Monday. Her concern stemmed from her ability to pay her house note if she missed additional work days.[1] She also told the court that she had been the victim of theft when someone had tried to steal her car, and she was not satisfied with how the police handled her case. Finally, she stated that she had been pulled over by the police for suspected DUI, but was only convicted of driving left of center. She indicated that, in both cases that involved contact with the police, she felt the experiences were somewhat negative. Subsequently, the state used a peremptory challenge to dismiss this prospective juror. *Page 7 
 {¶ 15} Defense counsel raised a Batson challenge on the basis that the state had exercised its peremptory challenge to excuse the only female, African-American from being seated on the jury. The state explained that it had excused this juror because she expressed a hardship in staying over a week on a jury and because she had had two somewhat negative experiences with police officers, once as a victim of crime and once as a defendant. The judge found there was no purposeful discrimination.
 {¶ 16} Here, defense counsel made a Batson challenge on one of the dismissed jurors. Without waiting for the court to rule on whether the defendant had made a prima facie case of discrimination, the state offered race-neutral reasons. "Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant has made a prima facie showing becomes moot." Hernandez v. New York (1991), 500 U.S. 352, 359,111 S.Ct. 1859, 1866, 114 L.Ed.2d 395.
 {¶ 17} It was not clearly erroneous for the judge to determine that there was no purposeful discrimination. Even though defense counsel points to other seated jurors who expressed a concern over the possibility the case would extend until the next week, or who had negative experiences with the police, no other juror expressed all of the reasons proffered by the state as the excused juror did. The *Page 8 
state's proffered reasons were clearly race-neutral. Accordingly, appellant's first assignment of error is overruled.
 Ineffective Assistance of Counsel {¶ 18} "II. Appellant was denied her Sixth Amendment right to the effective assistance of counsel because trial counsel failed in his duty to zealously represent his client."
 {¶ 19} In her second assignment of error, appellant argues she was denied due process because of ineffective assistance of counsel. She complains that her attorney failed to object to the admissibility of the state's evidence and failed to request an instruction on self-defense.
 {¶ 20} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Brooks (1986), 25 Ohio St.3d 144, 495 N.E.2d 407.
 {¶ 21} In reviewing a claim of ineffective assistance of counsel, itmust be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985),17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299,209 N.E.2d 164. *Page 9 
 {¶ 22} The Ohio Supreme Court held, in State v. Bradley (1989),42 Ohio St.3d 136, 141-142, 538 N.E.2d 373, that "`[w]hen considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.' State v. Lytle (1976),48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court inStrickland, [supra].
 {¶ 23} The failure to make objections is not alone enough to sustain a claim of ineffective assistance of counsel. State v. Holloway (1988),38 Ohio St.3d 239, 527 N.E.2d 831; State v. Gumm, 73 Ohio St.3d 413,1995-Ohio-24, 653 N.E.2d 253.
 {¶ 24} Appellant cites to three occasions when she believes her attorney's representation fell below an acceptable standard, the first two of which are related. Appellant argues that her attorney should have objected to the admissibility of a statement made by co-defendant Hill to the police officers that *Page 10 
appellant hit him with the champagne bottle she was holding. She also argues this same statement by Hill to the police was irrelevant, along with the introduction of the champagne bottle itself, and her attorney should have objected to its admissibility.
 {¶ 25} Evid. R. 801 generally prohibits hearsay, "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Furthermore, the United States Supreme Court held in Bruton v. UnitedStates (1968), 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, that an out-of-court statement of a co-defendant cannot be admitted into evidence against the other co-defendant because the non-testifying co-defendant is unable to attack the statement by cross-examination.
 {¶ 26} Co-defendant Hill's statement to the police officers that appellant hit him on the head with a champagne bottle does not constitute inadmissible hearsay since it is not being offered to prove that Hill was hit. The statement was used to explain why the officers stopped their car and investigated the fight between appellant and Hill. Likewise, the ruling in Bruton does not apply here because Hill's out-of-court statement is not being admitted to prove an element of the charge against appellant.
 {¶ 27} Appellant also argues that the statement should not have been admitted because it was irrelevant. Evid. R. 402 prohibits the admission of *Page 11 
irrelevant evidence. Evid. R. 401 defines "relevant evidence" as that which has "* * * any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 28} Generally speaking, the question of whether evidence is relevant is ordinarily not one of law but rather one which the trial court can resolve based on common experience and logic. Moreover, "[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987),31 Ohio St. 3d 173, 510 N.E.2d 343, paragraph two of the syllabus. Where error in the admission of evidence is alleged, this court has held that "`* * * unless * * * [the trial court] has clearly abused its discretion and the defendant has been materially prejudiced thereby, this court should be slow to interfere.'" State v. Maurer (1984), 15 Ohio St.3d 239,473 N.E.2d 768, 791 (quoting State v. Hymore (1967), 9 Ohio St.2d 122,224 N.E.2d 126, certiorari denied (1968), 390 U.S. 1024).
 {¶ 29} As explained above, the statement is relevant as an explanation for why the police officers initially investigated the fight between appellant and Hill. Had they not heard from Hill that appellant had assaulted him, without more, they may have ceased their inquiry of both defendants.
 {¶ 30} Hill's statement is not enough to have changed the outcome of the trial in light of all the other evidence against appellant. Even if appellant's *Page 12 
counsel objected, the court may have overruled his objection and admitted Hill's statement. Under either scenario, appellant has not shown that her counsel's failure to object to its admissibility had a prejudicial effect on the outcome of the case.
 {¶ 31} In addition, appellant's counsel's representation did not fall below an acceptable standard when he failed to object to the introduction of the champagne bottle into evidence. The police officers both testified that they witnessed appellant standing on the street, waving the champagne bottle, calling hysterically for them to stop. The bottle was introduced into evidence to explain why the police stopped to investigate. Appellant has not demonstrated that the champagne bottle prejudiced the jury such that the outcome of the case would have been different if it had not been introduced at all.
 {¶ 32} Finally, appellant claims her attorney should have requested a jury instruction on self-defense. Failure to object to a jury instruction waives any claim of error relative to that instruction, unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Underwood (1983), 3 Ohio St.3d 12,444 N.E.2d 1332; State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88. It is well established that, absent plain error, an appellate court will not consider errors to which the defendant failed to object at the trial level. State v. Williams (1977), 51 Ohio St.2d 112, 364 N.E.2d 1364. *Page 13 
 {¶ 33} In this case, appellant argues that the jury would have acquitted her if the court had given an instruction on self-defense. She asserts that Officer Jackson sexually assaulted her during the pat down, and her struggle to escape him led her to accidentally kick Officer Franko.
 {¶ 34} A defendant bears the burden of proof in establishing the affirmative defense of self-defense. To establish that she was justified in using force not likely to cause death or great bodily harm, a defendant must prove by the greater weight of the evidence that, (A) she was not at fault in creating the situation giving rise to the altercation; and (B) she had reasonable grounds to believe and an honest belief, even if mistaken, that she was in immediate danger of bodily harm. 4 Ohio Jury Instruction, Section 411.33.
 {¶ 35} "In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized police officer engaged in the performance of his duties, whether or not the arrest is illegal under the circumstances." Columbus v. Fraley (1975),41 Ohio St.2d 173, 324 N.E.2d 735, paragraph three of the syllabus.
 {¶ 36} There is conflicting evidence at trial about whether it was Officer Jackson's or appellant's conduct which caused appellant to kick Officer Franko. Appellant claims that Officer Jackson reached under her shirt and bra when he *Page 14 
patted her down and, in pushing him away, she kicked Office Franko. Officer Jackson testified that appellant punched him and then kicked Officer Franko in the back and neck while Officer Jackson tried to handcuff her. Upon hearing these two versions of the events, the trial court decided that a jury instruction on self-defense was not warranted. Appellant did not show by the greater weight of the evidence that a self-defense instruction was proper. We also do not find that the failure to give the requested instruction rises to the level of plain error.
 {¶ 37} Counsel's representation of appellant does not constitute ineffective assistance. For all the above reasons, appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR
[1] The prospective juror indicated that she had begun her jury service the previous Monday and that she does not get paid by her employer if she does not work. *Page 1